UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| JOHN A. FRILANDO, | ) | Civil Action No.: 4:13-cv-2931-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **ORDER AND** |
| | ) | **REPORT AND RECOMMENDATION** |
| DIRECTOR TIMOTHY JOHNSON, | ) | |
| ASSOCIATE WARDEN LANKFORD, | ) | |
| UNIT MANAGER R. KEYS, | ) | |
| SIS COUNSELOR T. NAYLOR, | ) | |
| LIEUTENANT J. STIVERS, | ) | |
| LIEUTENANT GOODYEAR, | ) | |
| LIEUTENANT F. HILL, | ) | |
| LIEUTENANT HANKERSON, | ) | |
| CAPTAIN E. RAYBURN, | ) | |
| FREDRICK GRAINGER, | ) | |
| COUNSELOR THRASHER, and | ) | |
| SIS LIEUTENANT J. PATTERSON, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

In this action, Plaintiff, who is proceeding pro se, alleges that Defendant Fredrick Granger[1] stole personal items from him instead of putting them into inventory and that the remaining Defendants have tried to cover-up this theft. Presently before the court is Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 58). Because Plaintiff is proceeding pro se, he was advised pursuant to Roseboro v. Garrison, 528 F.3d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion could result in dismissal of his complaint. After requesting and receiving an extension of time, Plaintiff filed a timely response with exhibits. Because both Defendants and Plaintiff have submitted exhibits with respect to this motion, the court

---

[1] Both "Granger" and "Grainger" are used by the parties.

will treat it as a motion for summary judgment pursuant to Fed.R.Civ.P. 56.  See <u>Laughlin v. Metropolitan Washington Airports Authority</u>, 149 F.3d 253, 260-61 (4th Cir. 1998).  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  This Report and Recommendation is entered for review by the district judge.

**II.    FACTS**

At all times relevant to this claim, Plaintiff was being housed at the Federal Correction Institution (FCI) Williamsburg in Salters, South Carolina.  Plaintiff avers he was involved in a physical altercation on June 11, 2012, and sustained injuries that required medical attention.  Pl. Aff. ¶ 1 (attached to Complaint).  He was taken off the FCI Williamsburg campus by Defendant Fredrick Granger, a corrections officer, for medical treatment.  Pl. Aff. ¶ 1.  Plaintiff avers Granger removed from Plaintiff's possession an 18k gold necklace, an 18k gold religious medallion, both gifts from his deceased mother, and a pair of new balance shoes.  Pl. Aff. ¶ 1.  Plaintiff witnessed Granger put his shoes on the ground and the necklace and medallion in his pocket.  Pl. Aff. ¶ 1.  Granger assured Plaintiff that his possessions were safe.  Pl. Aff. ¶ 3.  Plaintiff avers that Granger did not follow standard procedure, which provides that when an inmate is taken out of the institution, his property will remain at the institution until the inmate returns.  Pl. Aff. ¶ 2.  Defendants SIS Lieutenant J. Patterson and Lieutenant F. Hill were present when Granger removed the items.  Pl. Aff. ¶ 2.

Plaintiff avers that Granger had the necklace and medallion in his front pocket while in the ambulance, in the hospital, and on the return trip back to FCI Williamsburg.  Pl. Aff. ¶ 4.  Upon arrival at FCI Williamsburg, Plaintiff witnessed Granger walk over to a white pick up truck, open the door, and put something inside.  Pl. Aff. ¶ 4.  Granger never returned Plaintiff's property, nor did he fill out the proper paperwork.  Pl. Aff. ¶ 5.  Plaintiff avers that Granger stole his necklace and

medallion and left his shoes behind when he set them on the ground.

Plaintiff asserts that he has filed numerous inmate requests, a tort claim, and administrative remedies to no avail. Pl. Aff. ¶ 6.[2] He asserts that Defendant Timothy Johnson, Acting Warden at FCI Williamsburg, knew that a theft was committed by one of his corrections officers and "became the ring leader in the cover-up of the theft of Plaintiff's personal property." Pl. Aff. ¶ 6. Plaintiff states that the other Defendants have attempted to cover-up this theft as well. Pl. Aff. ¶ 6.

Defendants admit that Plaintiff exhausted his administrative remedies with respect to these claims.[3]

## III.     STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. at 322. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming

---

[2] This paragraph is actually labeled "b" but, as it falls between paragraphs five and seven, it is obviously a typographical error.

[3] Plaintiff also has pending a motion to amend his complaint (Document # 39) in which he seeks to add allegations as raised in a second grievance regarding correctional officers fraudulently failing to advise inmates that by initialing a property form, they are stating that none of the inventory is worth more than $100. However, allowing Plaintiff to add this allegation to his complaint would be futile because he has failed to exhaust this issue. See Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir.1999)(finding that leave to amend a pleading should be denied only when the amendment would be prejudicial, futile, or made in bad faith). Plaintiff filed an initial grievance to the warden and an appeal to the regional director, but he never appealed the response he received from the regional director to the general counsel as required in the BOP's administrative process. Meredith Decl. (Ex. 3 to Def. Motion); see also 28 C.F.R. §§ 542.10 et seq. Therefore, Plaintiff's motion to amend his complaint (Document # 39) is **DENIED**.

forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

**VI.    DISCUSSION**

Challenges to a federal inmate's conditions of confinement generally fall under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 814–820, 102 S.Ct. 2727, 73 L.Ed.2d 396

(1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. Id.; Osabutey v. Welch, 857 F.2d 220, 221–223 (4th Cir.1988).

In his complaint, Plaintiff makes no reference to any constitutional violation. Rather, he alleges that Defendants violated BOP Program Statement 3420.08, 3420.09 and 5 CFR § 2635, Standards of Ethical Conduct for Employees of the Executive Branch. However, policy violations do not rise to the level of constitutional violations. U.S. v. Caceres, 440 U.S. 741, 751 (1979). Thus, this alleged violation is not actionable under Bivens.

In his response to the motion for summary judgment, Plaintiff mentions for the first time that Defendants' actions violated his Fourth Amendment right to be free from unreasonable seizures and his Fourteenth Amendment due process rights. However, "a party is generally not permitted to raise a new claim in response to a motion for summary judgment." White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C.1992). Furthermore, any attempt to amend his complaint to add allegations of a Fourth or Fourteenth Amendment violation would be futile.

Plaintiff argues that it was a violation of this Fourth Amendment right to be free from unreasonable seizures when Granger seized his "very expensive necklace." The Fourth Amendment provides protection against unreasonable searches and seizures where persons have a reasonable expectation of privacy in the places searched or items seized. Katz v. United States, 389 U.S. 347, 360-61 (1967). It is well-settled that inmates have more limited Fourth Amendment rights. United States v. Kelton, 791 F.2d 101, 103 (8th Cir. 1986) ("[A]lthough prisoners retain some fourth amendment rights while in prison, these rights are limited by institutional security needs and the prisoner's reduced expectation of privacy."). An inmate does not have a legitimate expectation of privacy in his prison cell, and "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526, 104

S.Ct. 3194, 82 L.Ed.2d 393 (1984). Although Plaintiff does not allege that his property was seized from his prison cell, the same principles apply. See Hudson, 468 U.S. at 528 n.8 (finding that the inapplicability of the Fourth Amendment to searches of prison cells applies "with controlling force" to seizures and destruction of personal property as well). Moreover, the Supreme Court has long cautioned that "[c]ourts are ill equipped to deal with the increasingly urgent problems of prison administration [,]" Procunier v. Martinez, 416 U.S. 396, 405, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974), and, thus, the court "must accord deference to the officials who run a prison, overseeing and coordinating its many aspects, including security, discipline, and general administration." Lovelace v. Lee, 472 F.3d 174, 199 (4th Cir.2006). In other words, the court must "respect the determinations of prison officials." United States v. Stotts, 925 F.2d 83, 86 (4th Cir.1991).

Plaintiff also argues that Defendant Granger deprived him of his property without due process. However, an unauthorized, intentional deprivation of property by a federal actor does not constitute a violation of procedural due process if a meaningful post-deprivation remedy for the loss is available. Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). Here, post-deprivation remedies were available for the loss of his property. Plaintiff filed numerous administrative remedies as well as a tort claim, Meredith Decl. ¶ 8, and was offered a settlement of $159.00 to compensate Plaintiff for the loss of his shoes, chain and religious medallion. Letter mentioning settlement offer (Document # 74-1 p. 72 of 93).

For these reasons, even if Plaintiff had properly alleged violations of his Fourth and Fourteenth Amendment rights, such claims would fail. Therefore, summary judgment is appropriate.

## V.     CONCLUSION

For the reasons set forth in footnote three, it is **ORDERED** that Plaintiff's Motion to Amend his Complaint (Document # 39) be **DENIED**.

-7-

Furthermore, for the reasons discussed above, it is recommended that Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (Document # 58) be granted, and that this case be dismissed in its entirety.  If the district judge accepts this recommendation, all remaining motions will be moot.

                                                  s/Thomas E. Rogers, III
                                                  Thomas E. Rogers, III
                                                  United States Magistrate Judge

September 2, 2014
Florence, South Carolina

**The parties are directed to the important information on the following page.**